UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO.: 23-CR-358 (JMB/TNL) |
| Plaintiff, | |
| v. | **MOTION TO SUPPRESS EVIDENCE OF IDENTIFICATION** |
| DERRICK JOHN THOMPSON, | |
| Defendant. | |

Defendant, Derrick Thompson, by and through his attorney, moves this Court for an Order suppressing identification evidence on the following grounds. The discovery production to date in this case indicates that Mr. Thompson was the subject of a show-up immediately following his arrest for purposes of identification. The manner in which law enforcement officers conducted the show-up was impermissibly suggestive. Counsel has not completed review of the hundreds of hours of video in this case. At this time this motion is based on the police reports.

In relation to the show-up of Mr. Thompson. The reports indicate he was hand-cuffed and in the custody of Minneapolis Police in the back of a squad. Shortly after his arrest a witness was identified at the scene and agreed to do a show-up. An officer placed the witness in the back of a squad and drove in front of where Mr. Thompson was being held. While the witness was in the back of the squad, officers took Mr. Thompson out of the squad. He was then positioned in front of the squad which contained the witness. The witness squad had all of the front lights, as well as the spotlights, on and directed at Mr. Thompson. An officer then asked the witness if she recognized Mr. Thompson. The

1

witness was informed that Mr. Thompson may or may not have been involved in the accident. Mr. Thompson was bleeding and limping at the time of the show-up. The witness made a positive identification of Mr. Thompson.

The Supreme Court and the Eighth Circuit have long recognized that impermissibly suggestive show-ups violate due process. *Neil v. Biggers*, 409 U.S. 188 (1972); *Clark v. Caspari*, 274 F.3d 507, 511 (8th Cir. 2001). The Eighth Circuit has gone so far as to hold that a show-up is "the most suggestive, the therefore the most objectionable method of pre-trial identification." *United States v. Henderson*, 719 F.2d 934, 937 (8th Cir. 1983). In *United States v. Henderson*, the Eighth Circuit detailed the framework a Court must follow in reviewing identification evidence offered at trial:

> Due process challenges to convictions based on in-court identifications which follow a suggestive out-of-court confrontation are reviewed under a two-step test. *Manson v. Brathwaite*, 432 U.S. 98, (1977)[ ]; *Simmons v. United States*, 390 U.S. 377 (1968)[ ]; *United States v. Manko*, 694 F.2d 1125 (8th Cir.) cert. denied 459 U.S. 1219 (1983). The first step is to determine whether the challenged confrontation between the witness and the suspect was "impermissibly suggestive." *Simmons*, 390 U.S. at 384 [ ]. If so, the second inquiry is whether, under the totality of the circumstances of the case, the suggestive confrontation created "a very substantial likelihood of irreparable misidentification." *Manson*, 432 U.S. at 116 [ ]. This test reflects the fact that not all impermissibly suggestive confrontations give rise to a very substantial likelihood of irreparable misidentification. *Ruff v. Wyrick*, 709 F.2d 1219 (8th Cir. 1983) (per curiam); *United States v. Love*, 692 F.2d 1147 (8th Cir. 1980). Those identifications which are reliable—where the witness's perception of the suspect unaided by the suggestive confrontation provided a sufficient foundation for the identification—are admissible. Reliability is determined by examining the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of his prior description of the criminal, the level of certainty demonstrated at the confrontation, and the time between the crime and the confrontation. Against these factors is to be weighed the corrupting effect of the suggestive identification itself. *Manson*, 432 U.S. at 114 [ ]. The first step is to determine if the photographic showup was impermissibly suggestive. While showups are "the most suggestive, and therefore the most

objectionable method of pre-trial identification," *United States v. Cook*, 464 F.2d 251, 253 (8th Cir.) (per curiam) cert. denied 409 U.S. 1011 (1972), whether or not they are impermissibly suggestive depends on the circumstances surrounding their use.

719 F.2d at 936-37. Here, Mr. Thompson can easily meet his burden to establish that the show-up was impermissibly suggestive. He stood alone, injured, handcuffed, outside a marked squad car with a police officer standing next to him as a witness was asked to identify whether he was involved in a motor vehicle accident. *See United States v. Hines*, 387 F.3d 690, 693-94 (8th Cir. 2004) (finding that a one-person photo lineup was impermissibly suggestive); *United States v. Williams*, 340 F.3d 563, 566-67 (8th Cir. 2003) (finding that the use of a single photograph of defendant from a prior arrest with no accompanying photographs of other persons was impermissibly suggestive); *United States v. Patterson*, 20 F.3d 801, 806 (8th Cir. 1994) (finding that it was improper to use single photograph displays with eyewitnesses). With the first part of the test met, the burden shifts to the Government to present evidence such that this Court may determine, under the totality of the circumstances whether, the identification was reliable.

Absent additional evidence, Mr. Thompson respectfully submits that this Court must suppress any witness identification made as a result of the show-up, including in-court identifications following from same.

Dated: January 17, 2024.                                    Respectfully submitted,

*s / Aaron J. Morrison*
AARON J. MORRISON
Attorney, ID No. 0341241
Attorney for Mr. Thompson
107 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN  55415

3