UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 23-CR-00358 (JMB/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Derrick John Thompson, | |
| Defendant. | |

This matter is before the Court on Defendant Derrick John Thompson's Objection (Doc. No. 42) to the Report and Recommendation (R&R) issued by Magistrate Judge Tony N. Leung on April 19, 2024 (Doc. No. 39), which recommends that Thompson's Motion to Dismiss Count 2 (Doc. No. 23), Motion to Suppress Evidence of Identification (Doc. No. 25), and Motion to Suppress Statements (Doc. No. 26)[1] be denied. For the reasons set forth below, the Court overrules Thompson's objections, adopts the R&R, and denies Thompson's motions.

On December 5, 2023, Thompson was charged by Indictment for possession with intent to distribute fentanyl in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) (Count 1), felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8) (Count 2), and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count 3). (Doc. No. 8.) On January 17, 2024,

---

[1] Thompson makes no objection to the Magistrate Judge's recommendation that his motion to suppress statements be denied as moot. (*See* Doc. No. 42.)

Thompson moved to dismiss Count 2 and to suppress certain evidence related to a witness's identification of him and his post-arrest statements to law enforcement. (*See* Doc. Nos. 23, 25, 26.) The Magistrate Judge issued an R&R that recommended denying Thompson's motions. (Doc. No. 39.) Thompson has made two generic objections to the R&R, but as discussed below, he has not fully briefed or otherwise explained what, if any, error the Magistrate Judge may have made.

As a threshold matter, the Court observes that unspecified objections to a magistrate judge's R&R are typically reviewed under a clear error standard of review. *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015) ("Objections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to *de novo* review, but rather are reviewed for clear error.").[2]

Thompson first objects to the Magistrate Judge's recommendation that his motion to dismiss Count 2 be denied. (Doc. No. 42 at 1.) The objection is not detailed and merely incorporates arguments presented to the Magistrate Judge. In considering those arguments, the Magistrate Judge did not share Thompson's view that 18 U.S.C. § 922(g)(1) is unconstitutional under the Second Amendment, as construed by *New York State Rifle &*

---

[2] The Court also notes that the Eighth Circuit reviews purely legal questions—even those that were not the subject of an objection—under a de novo standard. *United States v. Maxwell*, 498 F.3d 799, 801 n.2 (8th Cir. 2007) ("In cases like this one, where the defendant fails to file timely objections to the magistrate judge's report and recommendation, the factual conclusions underlying that defendant's appeal are reviewed for plain error. We review the district court's legal conclusions de novo.") (quotation omitted). Thompson's first objection concerns a question of law, and arguably could be subject to a de novo standard of review. Neither party addressed whether this is an appropriate standard of review, and this Court need not address this question because the Court's decision to overrule Thompson's first objection would be the same under either standard.

2

*Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022), and concluded that Thompson's argument conflicted with the following three binding decisions of the Eighth Circuit Court of Appeals: (1) *United States v. Jackson*, 69 F.4th 495 (8th Cir. 2023); (2) *United States v. Cunningham*, 70 F.4th 502 (8th Cir. 2023); and (3) *United States v. Dunn*, 76 F.4th 1062 (8th Cir. 2023). (Doc. No. 39 at 7–9.) In his objection, Thompson appears to concede that the Magistrate Judge's reading of these cases is sound and objects only "to preserve any potential future rights . . . should the law change." (*See* Doc. No. 42 at 1.) The Court also agrees that the Magistrate Judge's legal analysis is correct based on this established Eighth Circuit precedent. Absent any explanation of how the Magistrate Judge erred, and because Thompson's argument conflicts with binding precedent, the Court is compelled to overrule his objection.

Second, Thompson also objects to the recommendation that the Court deny his motion to suppress identification evidence. (Doc. No. 42 at 1.) Again, Thompson merely notes his intent to "preserve the record" and makes no new argument. (*Id.*) Instead, the objection wholly relies on Thompson's "previously submitted Motion to Suppress Evidence and Memorandum in Support of Motion to Suppress." (*Id.* (citations omitted).) On this second issue, the Magistrate Judge did not agree with Thompson's characterization of applicable case law, and carefully explained how the facts of this case differ from the case relied on in Thompson's motion. For example, as explained in the R&R, unlike the facts in *Clark v. Caspari*, 274 F.3d 507 (8th Cir. 2001), law enforcement officers in this case did not suggest to the witness that they had apprehended the correct suspect and did not pressure the witness to give a particular answer. (*See* Doc. No. 39 at 9–13.) Moreover,

the Magistrate Judge thoroughly cataloged the totality of the circumstances surrounding the witness's identification of Thompson and concluded that the evidence did not rise to the level of improperly suggestive or unreliable. (*Id.*) The record contains adequate support for this conclusion, and, in the absence of a more specific objection and more developed argument, the Court cannot identify any clear error in the Magistrate Judge's reasoning or conclusions.

## ORDER

Therefore, based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendant Derrick John Thompson's objections to the Report and Recommendation (Doc. No. 42) are OVERRULED;

2. The Report and Recommendation (Doc. No. 39) is ADOPTED; and

3. Thompson's Motion to Dismiss Count 2 (Doc. No. 23), Motion to Suppress Evidence of Identification (Doc. No. 25), and Motion to Suppress Statements (Doc. No. 26) are DENIED.

Dated: July 1, 2024                    /s/ *Jeffrey M. Bryan*
                                       Judge Jeffrey M. Bryan
                                       United States District Court