UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 23-358 (JMB/TNL)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) **GOVERNMENT'S** |
| v. | ) **MOTIONS IN LIMINE NOS. 1-4** |
| | ) |
| DERRICK JOHN THOMPSON, | ) |
| | ) |
| Defendant. | ) |

The United States of America by and through its attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota, and Assistant United States Attorneys Ruth S. Shnider and Tom Calhoun-Lopez, hereby makes the following Motions in Limine regarding the above-entitled matter. The Government respectfully moves the Court for an Order:

1. Precluding the defense, in the presence of the jury, from offering or referring to in any way, hearsay statements of the defendant. *See* Fed. R. Evid. 802. It is well established that, although a defendant's own out-of-court statements may be admitted against him as an admission by a party-opponent, *see* Fed. R. Evid. 801(d)(2)(A), he may not offer his own self-serving, exculpatory hearsay statements. *See United States v. Waters*, 194 F.3d 926, 930-31 (8th Cir. 1999); *United States v. Wilkerson*, 84 F.3d 692, 696 (4th Cir.

1996) ("The rules do not . . . provide an exception for self-serving, exculpatory statements made by a party which are being sought for admission by that same party."). If Thompson wishes to explain his version of events to the jury, he may do so by testifying.

2.    Sequestering potential witnesses except the case agent. *See* Fed. R. Evid. 615; *United States v. Riddle*, 193 F.3d 995, 997 (8th Cir. 1999) (noting that Rule 615 "has been interpreted to allow government case agents to sit at counsel table throughout the trial").

3.    Precluding the defense, in the presence of the jury, from referring to the potential penalty the defendant faces if convicted of the offense alleged in the Indictment.  *See, e.g., Shannon v. United States*, 512 U.S. 573, 579 (1994) ("It is well established that when a jury has no sentencing function, it should be admonished to 'reach its verdict without regard to what sentence might be imposed.'"); *United States v. Fenner*, 600 F.3d 1014, 1023 n.7 (8th Cir. 2010) ("We agree with the Government that any reference to sentencing would have been improper.").

4.    Limiting defense cross-examination of any witness regarding prior bad acts or convictions of the witness to only those matters which are permitted under Federal Rules of Evidence 403, 404, 608, and 609 and precluding the defendant from referring to any alleged prior bad act or conviction of a witness in the presence of the jury until the court has determined (at sidebar or

otherwise) the propriety of the proposed cross-examination or the admissibility of the proffered evidence.

| | |
|---|---|
| Dated: August 23, 2024 | Respectfully Submitted, |

ANDREW M. LUGER
United States Attorney

s/ *Ruth Shnider*

BY:   RUTH S. SHNIDER
TOM CALHOUN-LOPEZ
Assistant U.S. Attorneys