UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| UNITED STATES OF AMERICA, | ) | No. 23-cr-358 (JMB/TNL) |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **DERRICK THOMPSON'S FIRST** |
| | ) | **MOTION IN LIMINE** |
| DERRICK JOHN THOMPSON, | ) | |
| | ) | |
| Defendant. | ) | |

Derrick Thompson, by and through his attorneys, hereby submits the following motions in limine. At this time Mr. Thompson has not received copies of the Government's proposed exhibits. Mr. Thompson anticipates additional motions in limine upon receipt of the exhibits.

**I.   Motion to Exclude Forensic Reports**

Mr. Thompson moves to exclude as potential exhibits DNA or other forensic reports. Forensic reports are generally hearsay as the reports are out of court statements of analysist's "opinions and interpretations." Forensic reports are not a business record. In *Melendez-Diaz v. Massachusetts*, the Supreme Court made it clear that forensic reports are not business records. 557 U.S. 305, 321–22 (2009). Specifically, the Supreme Court stated,

> Documents kept in the regular course of business may ordinarily be admitted at trial despite their hearsay status. *See* Fed. Rule Evid. 803(6). But that is not the case if the regularly conducted business activity is the production of evidence for use at trial. Our decision in *Palmer v. Hoffman*, 318 U.S. 109 (1943), made that distinction clear.

*Id.* at 321. The Court further stated, "The analysts' certificates—like police reports generated by law enforcement officials—do not qualify as business records or public

1

records for precisely the same reason. *See* Rule 803(8) (defining public records as 'excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel')." *Id.* at 321–22.

For these reasons Mr. Thompson respectfully requests any forensic reports the Government intends to offer as evidence be excluded.

Mr. Thompson also objects to the introduction of CVs as exhibits as CVs are hearsay. *See Salgado Colon v. Hosp. Hermanos Melendez, Inc.*, No. 3:19-CV-01797-JAW, 2023 WL 185502 (D.P.R. Jan. 13, 2023) (collecting district court cases).

## II. Derrick Thompson's Statements

Mr. Thompson moves to exclude any of his statements offered by the Government pursuant to Federal Rule of Evidence 801(d)(2). First, Mr. Thompson objects to any statement being introduced pursuant to Rule 801(d)(2) as violative of his due process rights pursuant to the Fifth and Sixth Amendment.[1] Blanket admissibility of the party-opponent statements violates Mr. Thompson's Fifth Amendment right to remain silent. The words offered by the Government are in essence forced testimony, evidence prohibited by the right to remain silent. There is also no rational basis that party-opponent statements are in some way more trustworthy, similar to excited utterances or dying declarations. To allow admission of untrustworthy hearsay statements violates his due process rights to a fair trial. The party opponent exception to hearsay is an unfair, untrustworthy exception to hearsay that violates Mr. Thompson's constitutional rights.

---

[1] *See* 54 Tex.Tech.L.Rev. 39, *Using the Rules of Evidence to Control Criminal Confessions.*

### III. Evidence of the Accident

In this case Mr. Thompson is charged with possessing fentanyl and a firearm on June 16, 2023. (ECF No. 8). He is also charged by the State of Minnesota with causing the death of five women in a motor vehicle crash on the same day. *State of Minnesota v. Derrick Thompson*, 27-CR-23-12910. Mr. Thompson acknowledges the motor vehicle crash and this case are in some ways connected. However, the details of the motor vehicle crash are highly prejudicial. Counsel for Mr. Thompson and the Government are having conversations about the scope of this evidence but have not reached a final agreement. Mr. Thompson raises the issue with the hope that an agreement can be placed on the record at the pre-trial conference.

### IV. Sequestration

Pursuant to Rule 615 of the Fed. R. Evid., Mr. Thompson moves this Court for an Order sequestering witnesses with the exception of one case agent for each party.

\* \* \*

As previously indicated, Mr. Thompson anticipates he will raise additional motions in limine regarding admissibility of evidence once the Government discloses exhibits and witnesses.

Finally, Mr. Thompson will address the Government's Rule 404(b) and any Rule 609 notices following review of the Government's trial brief and pre-trial submissions.

Dated: September 16, 2024.

Respectfully submitted,

*s/ Aaron J. Morrison*

AARON J. MORRISON
Attorney ID No. 341241
MATTHEW DEATES
Attorney ID No. 400318
Attorneys for Derrick Thompson
107 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415