UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
No. 23-cr-358 (JMB/TNL)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) **RESPONSE IN OPPOSITION TO** |
| v. | ) **GOVERNMENT'S SIXTH MOTION** |
| | ) ***IN LIMINE*** |
| DERRICK JOHN THOMPSON, | ) |
| | ) |
| Defendant. | ) |

Derrick Thompson, through counsel, respectfully submits this Response in opposition to the government's sixth motion *in limine*. See ECF No. 55; *see also* Gov't Trial Brief at 19–30, ECF No. 53. The government moves, under Federal Rule of Evidence 404(b), to present evidence to the jury that Mr. Thompson was previously convicted in California of evading an officer causing injury, leaving the scene of an accident that resulted in permanent injury, and conspiracy to possess marijuana for sale. The government proposes it will admit a partially redacted version of Mr. Thompson's factual basis for his guilty plea in California:

> 6. **FACTUAL BASIS FOR THE PLEA (addendum to 9b.(1)(g).).**
>
> On 9/4/18, I did willfully and reckless drive a motor vehicle fleeing from law enforcement officers with activated lights and sirens with reckless disregard to public safety. While fleeing law enforcement was pursuing me, I recklessly struck a pedestrian,
>
> I also did willfully and intentionally flee from the scene of the collision in order to escape liability for my actions. I also did willfully and intentionally possess 8 kilograms of marijuana for sale.



Gov't Trial Brief at 20.

1

The government suggests this evidence is admissible under Rule 404(b) as it is "relevant to a material issue." *Id.* The government then offers a list of potential "material issues" that might be relevant in this trial:

1) "Thompson's *identity* as the driver of the Escalade that fled from law enforcement on the night in question";
2) "his *motive* in fleeing the trooper";
3) "Thompson's knowledge and intent: namely his knowing possession of the drugs [and firearm] in the Escalade"; and
4) that "he intended to distribute the drugs."

*Id.* at 21–27.

Respectfully, the Court should deny the government's motion, as the government's proposed Rule 404(b) evidence is not relevant to any permissible, material, and contested issue in this case and instead amounts to impermissible propensity evidence. Not only does the government's evidence fail Rule 404(b)'s requirements, it is also excludable under Rule 403's balancing test.

## I. The government's evidence does not meet Rule 404(b)'s standards for admissibility.

Evidence of a defendant's prior convictions is categorically inadmissible to prove the defendant's criminal propensity. *United States v. Cotton*, 823 F.3d 420, 433 (8th Cir. 2016) (citing Fed. R. Evid. 404(b)(1)). Evidence of prior convictions may, however, be admissible to prove a specific, contested element of the charged offense, such as "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id.* at 433–34 (quoting Fed. R. Evid. 404(b)(2)).

It is the government's burden to "identify the permissible non-propensity purpose for the evidence, and [to] articulate the relationship between the evidence and a material

2

issue in the case." *United States v. Jackson*, 856 F.3d 1187, 1192 (8th Cir. 2017) (cleaned up). Where the government establishes a proper purpose for its other-acts evidence, that evidence may only be admitted if it is "(1) relevant to a material issue; (2) similar in kind and not overly remote in time to the crime charged; (3) supported by sufficient evidence; and (4) higher in probative value than prejudicial effect." *Cotton*, 823 F.3d at 434 (cleaned up).

When a defendant "raises a timely objection to admission of the evidence, Rule 404(b) requires a careful inquiry and analysis of the purpose for which the evidence is offered." *Id.* And while "the inclusionary approach permits the evidence to be used to prove any issue other than propensity, . . . the trial court is still obliged to ask, 'Is the evidence in any way relevant to a fact in issue [other] than by merely showing propensity?'" *United States v. Mothershed*, 859 F.3d 585, 589 (8th Cir. 1988) (cleaned up).

> **A. The "identity of the driver of the Escalade" is not relevant in this federal trial against Mr. Thompson. The government should not be allowed to introduce its highly prejudicial evidence to establish this immaterial issue.**

The government first suggests its evidence is admissible to prove Mr. Thompson's "identity of the driver of the Escalade." Gov't Trial Brief at 20. The problem for the government, however, is that the driver's identity is simply irrelevant to any issue before the jury in this case. That is to say, whether Mr. Thompson was the Escalade's driver or was instead a passenger during the crash in question has *no bearing* on whether Mr. Thompson possessed the charged firearm and narcotics. The defense does not intend to

3

contest the government's theory that Mr. Thompson was inside the Escalade on the night in question. And whether he was the driver, or a passenger, is immaterial to whether the government can prove he possessed the charged contraband. Indeed, it appears from the disclosed discovery that the contested contraband came from the passenger's side of the Escalade—not the driver's side. While the government has successfully selected a proper general purpose for admitting other-acts evidence—"identity"—that proposed purpose is a red herring, as it is immaterial to any issue before the jury.

Because the identity of the driver is not a question before the jury in this federal case, the government has not met its burden to establish that its evidence is admissible to prove a "material" fact in controversy. *See Mothershed*, 859 F.2d at 590 (holding that the government's Rule 404(b) evidence was inadmissible to prove that the defendant knowingly received stolen bank money because "that issue was not material to this case").

> **B. The government has not shown its proposed evidence is admissible to prove Mr. Thompson's "motive in fleeing from State Patrol" because the government's own evidence demonstrates that the Escalade was not fleeing state patrol on the night in question. Consequently, the government has not proven a relationship between its other-acts evidence and a material issue in this case.**

Second, the government contends its evidence is admissible to show Mr. Thompson's "motive in fleeing from State Patrol at high speeds." Gov't Trial Brief at 20. While the government has again correctly listed one of the potential bases for admission under Rule 404(b)—"motive"—the government's argument obfuscates that it lacks evidence to support its theory that the Escalade was actually "fleeing" state patrol on the night in question—let alone that the Escalade's driver had some "motive" for doing so.

4

The Eighth Circuit has explained that "flight of the accused subsequent to the commission of a crime is, *in certain instances*, a circumstance proper to be laid before the jury as having a tendency to prove guilt." *United States v. Schepp*, 746 F.2d 406, 409 (8th Cir. 1984) (emphasis added). However, before such "flight" evidence may be presented to the jury as circumstantial evidence of guilt, the government first must support the inference that "the defendant's behavior" is actually "flight." *Id.* at 409–410 (citing *United States v. Peltier*, 585 F.2d 314, 322–24 (8th Cir. 1978)).

The government's own evidence shows the Escalade had no reason to flee from state patrol on the night in question because the Escalade was already traveling at a "high rate of speed" when state patrol first observed it, and state patrol never got close enough to the Escalade to initiate a traffic stop: the state trooper remained at a distance from the Escalade and never activated his lights or sirens. This shows that the Escalade was not "fleeing" state patrol. And without sufficient proof that the Escalade was "fleeing" in the first place, the government should be not permitted to introduce highly prejudicial and irrelevant propensity evidence to prove some "motive" to flee. *See Schepp*, 746 F.2d at 410 (citing *United States v. White*, 488 F.2d 660, 662 (8th Cir. 1973) (flight evidence held inadmissible "where the defendant, *unaware that he was being sought for the crime charged*, fled from police attempting to arrest him five months after commission of crime" (emphasis added))).

The relevant report comes from State Trooper Andres Guerra, who was the first to observe the Escalade traveling on I-35W North and who was first to arrive on the scene of

5

the crash.[1]  Def. Ex. 1 (MN State Patrol Trooper Andres Guerra Report dated June 16, 2023).  Trooper Guerra reports he was in a marked state patrol vehicle, parked facing north on I-35W at the 46th Street bus stop when he saw the Escalade traveling north at "a high rate of speed."  Def. Ex. 1 at 1.  Trooper Guerra "attempted to catch up to the reckless driver on I-35W North as it was weaving in and out of lanes of traffic."  *Id.* at 1–2.  However, the trooper never caught up to the Escalade; he had to request "dispatchers to assist with locating the [Escalade] via MNDOT traffic cameras" because he "**was still a far distance away from it**."  *Id.* at 2 (emphasis added).  Later, Trooper Guerra "observed the [Escalade] **from a distance** traveling over 90mph . . . and it went back into the far left lane as I was still attempting to catch up to it."  *Id.* (emphasis added).  Trooper Guerra then saw the Escalade "unsafely cut across 4 lanes of traffic to the right to take the exit ramp to Lake Street from I-35W North."  *Id.*  The trooper followed by taking "the Lake Street exit from I-35W North, but [ ] **did not catch up to the vehicle** as it accelerated on the exit ramp."  *Id.* (emphasis added).  The trooper decided not to "initiate a traffic stop on the [Escalade] due to the erratic and reckless driving," and instead "slowed [his] vehicle to routine speed on the exit ramp."  *Id.*  Trooper Guerra "**never activated** [his] patrol emergency lights nor emergency sirens."  *Id.*  The Trooper eventually "observed **from a distance**" the Escalade crash into the Honda Civic.  *Id.* (emphasis added).

---

[1] The relevant information in Trooper Guerra's report is consistent with what is visible from the trooper's dash cam footage depicting the events in question—namely, that the trooper was too far from the Escalade to give the Escalade any reason to believe it was being followed by law enforcement and thus no motivation to flee.  The defense intends to submit Trooper Guerra's dash cam footage to the Court prior to the pretrial conference on October 2, 2024.

This sequence of events, which comes from the direct report of the government's very first witness, demonstrates that the government's reasoning attempts to manufacture a "material issue" to shoehorn propensity evidence into this trial. But the Eighth Circuit directs that trial courts must undertake "careful inquiry and analysis of the purpose for which the evidence is offered" before allowing the government to proceed in this fashion. *See Cotton*, 823 F.3d at 434. And the government may not offer Rule 404(b) to prove something that does not exist and which, in fact, is contradicted by the government's own evidence. *See, e.g.*, *Mothershed*, 859 F.3d at 590. Without sufficient evidence of flight, any supposed "motivation to flee law enforcement" is not material during this trial. *See id.; see also Schepp*, 746 F.2d at 410; *White*, 488 F.2d at 662. The government's evidence should be excluded.

### C. The government's evidence is not relevant to show Mr. Thompson's knowledge of the charged contraband.

Lastly, the government seeks to admit its other-acts evidence to prove Mr. Thompson's "knowing possession of the contraband in the vehicle." Gov't Trial Brief at 20. The Court should deny the government's request, as this evidence is not relevant to prove whether Mr. Thompson knowingly possessed the charged firearm and narcotics recovered from the Escalade. Instead, Mr. Thompson's prior convictions are impermissible evidence of propensity. *See* Fed. R. Evid. 404(a).

First, the California evidence does not include any allegation that Mr. Thompson possessed a firearm. Consequently, that he pleaded guilty to evading an officer causing injury, leaving the scene of an accident that resulted in permanent injury, and conspiracy

7

to possess marijuana for sale says nothing about whether he knowingly possessed the charged firearm in this case. Second, these convictions also say nothing about whether he possessed the charged narcotics—fentanyl. Third, Mr. Thompson is not charged in this federal case with hit-and-run, fleeing, or any similar offense. And although the government is correct that the Eighth Circuit has held that, "[w]here intent is an element of the crimes charged, evidence of other acts tending to establish that element is generally admissible," *see* Gov't Trial Br. at 23, the government has not shown its other-acts evidence "tend[s] to establish" Mr. Thompson's knowledge or intent with respect to the contraband charged here beyond mere propensity.

It is true, as the government points out, that a prior conviction for drug trafficking can sometimes be relevant to prove a defendant's knowing possession of charged drugs. *See id.* But it is not enough for the government to simply claim that such evidence goes to the defendant's "knowledge and intent" and therefore meets Rule 404(b)'s relevance requirement. "Mere recitation" of these permissible purposes under Rule 404(b) "without an accompanying case-specific analysis risks couching criminal propensity in terms of knowledge, intent, or lack of mistake. Rule 404(b), by its own terms, requires more." *Cotton*, 823 F.3d at 435. "Even under an inclusive view of Rule 404(b), a prior conviction is admissible only if certain requirements are met: It must be relevant in the particular case *and* it cannot be impermissible propensity evidence." *United States v. Turner*, 781 F.3d 374, 390 (8th Cir. 2015) (emphasis in original).

The Eighth Circuit requires the government to adequately explain "*how*" its other-acts evidence is relevant to Mr. Thompson's knowledge and intent. *See id.* "If the only

8

answer to [this question] is that his prior conviction (i.e., wrongdoing) shows he intended to commit another wrongdoing . . . , then the evidence shows nothing more than criminal propensity and under Rule 404(b)(1) is inadmissible." *Id.* at 391 (citing *Mothershed*, 859 F.2d at 589).

The government fails to articulate a permissible relationship between its other-acts evidence and Mr. Thompson's knowledge or intent. It says, "in California, [Mr. Thompson] behaved in a nearly identical fashion[2] and ultimately admitted he was in possession of a large quantity of drugs for sale. The 'historical context' supplied by the prior case is directly relevant to show that Thompson was in knowing possession of the contraband here, he intended to distribute the drugs, and he fled from police because he was concerned he would get caught for the same." Gov't Trial Br. at 27.

The government repeatedly stresses the similarity between the California case and this case, but it fails to explain *how* the California convictions say anything about Mr. Thompson's knowledge and intent *here*. Essentially, the government argues, because Mr. Thompson "ultimately admitted he was in possession of a large quantity of drugs for sale" in California, he "was in knowing possession of the contraband" and "intended to distribute the drugs" in this case. *Id.* The government's reasoning is sparse and belies the true, impermissible impact of its evidence: that Mr. Thompson's prior convictions show "he intended to commit another wrongdoing." *See Turner*, 781 F.3d at 390–91. This does not

---

[2] Among other notable differences between this case and the California case, in California law enforcement chased Mr. Thompson with lights and sirens flashing. That did not happen here.

9

establish relevance under Rule 404(b).  *See id.*  The "historical context" that the government seeks to admit should be taken for what it truly is: propensity.  *See id.*

Even if the government could establish a non-propensity purpose for its evidence, that evidence is not sufficiently "similar in kind" to the conduct charged in this case.  *See Ironi*, 525 F.3d at 687.  Not only does this diminish any relevance the evidence might have, but it also fails one of the four requirements for admission under Rule 404(b).  *See id.*  Specifically, the government seeks to admit evidence that Mr. Thompson was previously convicted of conspiracy to possess 8 kilograms of marijuana for sale.  Gov't Trial Brief at 19.  Yet Mr. Thompson is charged in this case with possession with intent to distribute 40 grams or more of fentanyl.  *See* Indictment, ECF No. 8.  The prior marijuana conviction has no relevance to proving knowledge or intent to possess a completely different drug type and quantity here.  *See United States v. Cook*, 454 F.3d 938, 941 (8th Cir. 2006) (upholding the exclusion of evidence of past convictions for crimes that superficially resembled the charged offense but were "*functionally* dissimilar"); *cf. Ironi*, 525 F.3d at 688 ("The prior crimes of possession of *cocaine* are similar to the aiding and abetting possession with intent to distribute *cocaine* charge." (emphasis added)); *United States v. Gipson*, 446 F.3d 828, 831 (8th Cir. 2006) (Rule 404(b) evidence was proper where it involved "similar sales of *cocaine base*" to prove knowledge and intent to possess with intent to distribute *cocaine base* (emphasis added)); *United States v. Vieth*, 397 F.3d 615, 618 (8th Cir. 2005) (Rule 404(b) evidence involving prior possession of equipment to *manufacture methamphetamine* was admissible to prove conspiracy to *manufacture* and distribute *methamphetamine*); *United States v. Foster*, 344 F.3d 799, 800-01 (8th Cir. 2003)

(Rule 404(b) evidence of prior sale of *cocaine base* "on the very same city block" admissible to prove possession with intent to distribute *cocaine base*).

In short, the government has failed to articulate a non-propensity chain of reasoning for its proposed evidence, and the evidence lacks sufficient similarity to be admitted under Rule 404(b). The Court should exclude the evidence and require the government to rely on only non-propensity evidence during this trial. *See Turner*, 781 F.3d at 390–91; *Mothershed*, 859 F.2d at 589.

## II.   The government's evidence fails Rule 403's balancing test.

Even assuming the government had established relevance for its proposed other-acts evidence, such evidence should be excluded under Rule 403. That Rule allows the Court to exclude relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Federal courts widely recognize the risk of unfair prejudice that comes with Rule 404(b) evidence. *See, e.g.*, *Cotton*, 823 F.3d at 435 ("We do not underestimate the impact evidence of a prior conviction can have on a jury's assessment of a criminal case."). The trouble with "prior bad act" evidence is that "this type of evidence will overly influence the finders of fact and thereby persuade them to prejudge one with a bad general record and deny him a fair opportunity to defend against a particular charge." *United States v. McBride*, 676 F.3d 385, 395 (4th Cir. 2012) (cleaned up); *see also* Fed. R. Evid. 404(a) ad. comm. note ("Character evidence is of slight probative value and may be very prejudicial.

. . . It subtly permits the trier of fact to reward the good man and to punish the bad man because of their respective characters despite what the evidence in the case shows actually happened."). As such, Rule 404(b) evidence "almost always carries a risk of unfair prejudice." *United States v. Gomez*, 763 F.3d 845, 860 (7th Cir. 2014) (en banc). "The prejudicial impact is only heightened when character evidence is admitted in the form of a prior criminal conviction." *United States v. Caldwell*, 760 F.3d 267, 284 (3d Cir. 2014).

Here, the government seeks admission of highly prejudicial prior-conviction evidence of minimal, if any, legitimate probative value. Rule 403 thus serves as an independent basis for its exclusion. *See United States v. Cook*, 454 F.3d 938, 941–42 (8th Cir. 2006) (affirming the district court's exclusion of the defendant's prior conviction because its probative value "was substantially outweighed by the danger of unfair prejudice").

### III.   Conclusion

For these reasons, Mr. Thompson respectfully requests that the Court deny the government's sixth motion *in limine* and exclude the government's proposed other-acts evidence as inadmissible under Rules 404(b) and 403.

Dated: September 23, 2024          Respectfully submitted,

*s/ Matthew Deates*

MATTHEW DEATES
Attorney ID No. 400318
AARON J. MORRISON
Attorney ID No. 341241
Attorneys for Mr. Thompson
107 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

13