UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 23-CR-00358(1) (JMB/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Derrick John Thompson, | |
| Defendant. | |

Nathan Hoye Nelson, Ruth Shnider, and Thomas Calhoun-Lopez, United States Attorney's Office, Minneapolis, MN, for Plaintiff United States of America.

Aaron J. Morrison and Matthew Deates, Office of the Federal Defender, Minneapolis, MN, for Defendant Derrick John Thompson.

This matter is before the Court on the following two motions from Defendant Derrick John Thompson: (1) Motion in Limine No. 9 (Doc. No. 68 at 5–9),[1] requesting that the Court exclude the Government's Proposed Exhibits 13, 16, 17, 18, 21, 22, and 23, which relate to controlled substances other than fentanyl; and (2) Motion in Limine No. 6 (*id.* at 4),[2] requesting that the Court exclude Government's Proposed Exhibits 67 and 70–82, which are electronic messages and files extracted from what is alleged to be

---

[1] At the pre-trial conference, the Court renumbered Defendant's Motions in Limine. Defendant's Motion in Limine No. 9 refers to the motion raised in section IV of Defendant's Second Motion in Limine.

[2] Defendant's Motion in Limine No. 6 refers to the motion raised in section II of Defendant's Second Motion in Limine. Although in section II, Thompson indicated that he was moving to exclude Exhibits 67–82, and 85–86, Thompson's supplemental briefing does not address Exhibits 68, 69, 83, 84, 85, or 86. (*See* Doc. No. 70.)

Thompson's cell phone. The Government opposes both motions. (Doc. No. 69 at 7–8; Doc. No. 71.) For the reasons discussed below, the Court denies both motions, in part, and grants them, in part.

The Government charged Thompson with the following three criminal offenses: possession with intent to distribute fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) (Count 1); felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8) (Count 2); and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count 3). (Doc. No. 8.) Much of the evidence in this case was recovered from inside of a Cadillac Escalade. Importantly, law enforcement officers recovered a black bag from inside the Escalade that contained a semiautomatic pistol, an extended magazine, fentanyl powder, blue fentanyl pills, MDMA/ecstasy, other miscellaneous multi-colored pills, and cocaine. In addition to the contents of the black bag recovered from inside the Escalade, law enforcement officers also recovered suspected marijuana, and three cell phones (among other items) from inside other areas of the vehicle. As part of its investigation, the Government extracted messages and other data from the cell phones that were recovered. The Government suspects and alleges that Thompson used the cell phone associated with phone number 651-382-5066 ("the 5066 phone"). The Court addresses each group of objections in turn.

I.    **Motion to Exclude Evidence of Non-Fentanyl Drugs and Packaging**

Government's Proposed Exhibits 13, 16, 17, 18, 21, 22, and 23 are physical items, described as follows on the Government's Proposed Exhibit List: (13) red baggie containing suspected marijuana recovered from Escalade; (16) miscellaneous multi-

colored pills recovered from black bag; (17) cocaine recovered from black bag; (18) miscellaneous multi-colored pills recovered from black bag; (21) packaging from miscellaneous pills; (22) packaging from cocaine; and (23) packaging from miscellaneous pills.  (Doc. No. 61 at 1–2.)  Thompson raises the following three objections to the admission of this evidence: (1) the evidence is improper evidence of prior bad acts under Federal Rule of Evidence 404(b); (2) the evidence is irrelevant, under Rule 401 and 402, because he has not been charged with possessing any of those controlled substances; and (3) to the extent the evidence is relevant, its prejudicial value substantially outweighs this probative value and should be excluded pursuant to Rule 403.  (Doc. No. 68 at 5–8.)

The Government disagrees, arguing that evidence of the uncharged controlled substances is intrinsic evidence, and not subject to Rule 404(b).  The Government also argues that this evidence—including the evidence that DNA from the packaging of the cocaine recovered from the bag matched Thompson's DNA (Doc. No. 69 at 7–8)—is relevant to the establishing the essential elements of the crimes charged in Counts 1 and 3 and that the evidence satisfies the Rule 403 balancing test.  The Court overrules the objections and denies Thompson's motion as it relates to Exhibits 16, 17, 18, 21, 22, and 23, but the Court grants the motion as it relates to Exhibit 13.

The Court concludes that the exhibits relating to the items recovered from the black bag are correctly characterized as intrinsic evidence.  Intrinsic evidence is evidence of wrongful conduct, other than the conduct at issue, which is offered for the purpose of providing the context in which the charged crime occurred.  *United States v. Campbell*, 6 F.4th 764, 771 (8th Cir. 2014).  Intrinsic evidence includes both evidence that is

3

inextricably intertwined with the charged crime as well as evidence that completes the story. *United States v. Guzman*, 926 F.3d 991, 999–1000 (8th Cir. 2019). "[W]hen evidence of other crimes . . . tends logically to prove any element of the crime charged, it is admissible as an integral part of the immediate context of the crime charged." *United States v. Fleck*, 413 F.3d 883, 890 (8th Cir. 2005) (quotation omitted). Rule 404(b) does not apply to intrinsic evidence. *E.g.*, *Guzman*, 926 F.3d at 999.

The crime charged in Count 1, possession of fentanyl with intent to distribute, has three elements: (1) the defendant possessed fentanyl; (2) the defendant knew or intended to be in possession of fentanyl; and (3) the defendant intended to distribute some or all of the fentanyl to another person. 21 U.S.C. § 841(a)(1); *see also* Model Crim. Jury Instr. 8th Cir. 6.21.841A (2023). Additionally, here, the crime charged in Count 3, carrying a firearm during or in relation to a drug trafficking crime, has two elements: (1) the defendant committed the offense in Count 1; and (2) the defendant knowingly used or carried a firearm during and in relation to that crime. 18 U.S.C. § 924(c)(1)(A)(i); *see also* Model Crim. Jury Instr. 8th Cir 6.18.924C-2 (2023).

Whether Thompson had the intent to distribute fentanyl is therefore an essential element of Count 1, and whether Thompson carried the firearm in relation to that offense is an essential element of Count 3. The evidence of drugs (and their packaging) that were recovered from the same black bag that also contained the firearm and the fentanyl "tends logically to prove" these essential elements of Counts 1 and 3, and is, therefore, "admissible as an integral part of the immediate context" of these two charged offenses. *See Fleck*, 413 F.3d at 890. In addition, evidence that the cocaine packaging from the black bag contained

4

DNA that matched Thompson's DNA is relevant to whether Thompson knowingly or intentionally possessed the fentanyl that was recovered from the black bag.  The proximity of the cocaine packaging to the firearm also provides evidence of the possession element of both firearms offenses.  Finally, a district court does not err when it admits evidence of possession of an uncharged controlled substance offered for the purpose of establishing possession of the charged controlled substance.  *See, e.g.*, *United States v. Smith*, 4 F.4th 679, 684–85 (8th Cir. 2021) (affirming admission of evidence that defendant possessed firearms and trafficked synthetic marijuana as intrinsic to defendant's charge for conspiracy to distribute methamphetamine); *United States v. Thomas*, 760 F.3d 879, 884 (8th Cir. 2014) (holding that the "district court correctly concluded that the crack-distribution evidence constituted intrinsic evidence" of conspiracy to distribute and distribution of heroin).  For these reasons, the Court overrules Thompson's Rule 401, 402, and 404(b) objections as it related to the items recovered from the black bag.

Turning to Thompson's remaining objection to this evidence, the Court observes that intrinsic evidence is, like all evidence, subject to Rule 403, which states that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.  In this case, the items in the black bag bear such a strong connection to each other that evidence of one person's (or persons') possession of any one item recovered from inside the black bag is highly probative evidence that the person (or persons) also possessed the other items recovered from inside the black bag.  To the extent that admission

of this evidence carries any risk of unfair prejudice, juror confusion, or wasted trial time, the Court concludes that any such risk is moderate at most and does not substantially outweigh the probative value of this evidence. In addition, a limiting instruction could further reduce any such risk.[3] The Court, therefore, overrules Thompson's Rule 403 objections to the admission of evidence relating to the items recovered from the black bag.

Finally, it is important to make a distinction between the items recovered from inside the black bag and the one challenged exhibit that was recovered from another area of the Escalade: Exhibit 13, a red baggie containing suspected marijuana. Unlike the controlled substances recovered from inside the black bag, Exhibit 13 does not appear to have been tested. There are also important legal differences between possession of marijuana and possession of fentanyl or cocaine. Finally, because it was not inside the bag, the suspected marijuana does not have the same close proximity to the charged fentanyl and firearm. For these reasons, the Court sustains Thompson's Rule 403 objection to admission of the "suspected" marijuana identified as Exhibit 13.

## II.    Motion to Exclude Text Messages and Other Cell Phone Evidence

Government's Proposed Exhibits 67, and 70–82 are text messages and electronic files that accompanied these text messages, which were extracted from the 5066 phone. Thompson raises the following three objections to the admission of these exhibits: (1) the text messages contain inadmissible hearsay because only Thompson's statements can be

---

[3] For these same reasons, the Court is not convinced that admission of the challenged evidence constructively amends the indictment in violation of Thompson's Fifth Amendment rights.

excluded from the definition of hearsay as a party opponent; (2) the prejudicial value of the evidence substantially outweighs its probative value and should be excluded pursuant to Rule 403; and (3) the evidence is improper evidence of prior bad acts under Rule 404(b).[4] (Doc. No. 70.) The Court overrules all three objections and denies Defendant's motion as it relates to Exhibits 67, 70–79, and 81, but the Court grants the motion as it relates to Exhibits 80 and 82.

With the exception of Exhibits 80 and 82, the text messages and attached files include statements by the user of the 5066 phone and other individuals. Contrary to Thompson's Rule 801 argument, both sides of the conversation are admissible to contextualize Thompson's own statements, which are admissible. *See* Fed. R. Evid. 801(d)(2); *United States v. Turner*, 935 F.3d 794, 978 (8th Cir. 2019) ("The text messages contain statements by an opposing party, which means they are not hearsay."); *United States v. Lemons*, 792 F.3d 941, 947 (8th Cir. 2015) ("Where a defendant's admissions are part of a conversation with a third party who is not a witness, the court has discretion to admit the non-witness's statements when they make the defendant's responses intelligible to the jury and recognizable as admissions." (quotation omitted)); *United States v. Manning*, 738 F.3d 937, 944 (8th Cir. 2014) ("[S]tatements of the unknown participants in the chat conversation found on [defendant's] computer were not offered for their truth, but

---

[4] Thompson also argues that the Government cannot establish sufficient foundation for these exhibits under Rule 901 because it cannot show that this was Thompson's cell phone. The Court assumes without deciding for purposes of the other objections that the Government can establish foundation at trial, but nothing in this Order precludes Thompson from objecting on that basis at the time the exhibits are offered into evidence.

to provide context for [defendant's] responses."). For this reason, the Court overrules Thompson's Rule 801 objections and denies the motion as it relates to Exhibits 67, 70–79, and 81.

Thompson's argument has more merit as it relates to Exhibits 80 and 82. In those two exhibits, the user of the 5066 phone never responds to the other individual's statements. Specifically, in Exhibit 80, the unknown declarant asks if the user of the 5066 phone can "run out to eden prairie" because "my guy need that half" and "[h]e got 725 for you if u can." (Gov. Ex. 80 at 1.) He also sends three images to the user of the 5066 phone of three different firearms being sold online and states "I can grab any one of these that you want." (*Id.* at 2–4.) In Exhibit 82, the unknown declarant tells the user of the 5066 phone that "Got the half of fettt n those thangs ready." (Gov. Ex. 82.)

The Government acknowledges that Thompson is not the declarant in any of the statements made in these two exhibits. (Doc. No. 71 at 4.) Instead of relying on the party-opponent provisions of Rule 801(d)(2), the Government relies on Rule 801(c)(2), arguing that these statements are not hearsay because they are not being offered for the truth of the matter being asserted by the declarants in these two exhibits. (*Id.* at 4–5.) The Court disagrees with this characterization of the statements at issue because the only relevance the statements might have is if the statements were at least partially true: that the declarant rightly believes the user of the 5066 phone—and not someone else—is interested in purchasing a firearm and in what the Government presumably believes are drug transactions. For these reasons, the Court sustains Thompson's Rule 801 objections and grants the motion as it relates to Exhibits 80 and 82.

Thompson also objects under Rule 403, arguing that many of the text messages were written in March, April, and May of 2023, well before the offense date of June 16, 2023. The Court concludes that the probative value of these statements is not substantially outweighed by the statements' prejudicial effect. *See United States v. Davis*, No. 21-CR-206 (WMW/DTS), 2022 WL 2115846, at *2 (D. Minn. June 13, 2022) (admitting as intrinsic evidence, electronic communications showing "that, in the months before and after the charged offenses, [defendant] was in the presence of narcotics, conducted drug transactions, had large amounts of cash, and discussed firearm purchases"). For these reasons, the Court overrules Thompson's Rule 403 objections and denies the motion as it relates to Exhibits 67, 70–79, and 81.

Finally, Thompson objects to this evidence under Rule 404(b), arguing that the text messages relate to possession or trafficking of uncharged controlled substances and are therefore evidence of prior bad acts. Contrary to Thompson's argument, however, and consistent with the reasoning set forth *supra* part I, evidence of an uncharged controlled substance offense can constitute intrinsic evidence of the charged controlled substance offense. *See, e.g.*, *Smith*, 4 F.4th at 684–85; *Thomas*, 760 F.3d at 884. Moreover, the text messages in question here tends to logically prove essential elements of Counts 1 and 3. *See Fleck*, 413 F.3d at 890. For these reasons, the Court overrules Thompson's Rule 404(b) objections and denies the motion as it relates to Exhibits 67, 70–79, and 81.

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. Derrick John Thompson's Motion in Limine No. 9 (Doc. No. 68 at 5–9) is GRANTED in part and DENIED in part as follows:

    a. The objections to Government's Proposed Exhibits 16, 17, 18, 21, 22, and 23 are overruled;

    b. The Rule 403 objection to Government's Proposed Exhibit 13 is sustained;

2. Derrick John Thompson's Motion in Limine No. 6 (Doc. No. 68 at 4) is GRANTED in part and DENIED in part as follows:

    a. The objections to Government's Proposed Exhibits 67, 70–79, and 81 are overruled; and

    b. The Rule 801 objections to Government's Proposed Exhibits 80 and 82 are sustained.

Dated:  October 5, 2024

/s/ *Jeffrey M. Bryan*
Judge Jeffrey M. Bryan
United States District Court