UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 23-358 (JMB/TNL)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | **GOVERNMENT'S** |
| | ) | **MOTION IN LIMINE NO. 9 TO** |
| v. | ) | **PRECLUDE EVIDENCE AND** |
| | ) | **QUESTIONING REGARDING** |
| DERRICK JOHN THOMPSON, | ) | **DAMARCO THOMPSON'S** |
| | ) | **CRIMINAL HISTORY** |
| Defendant. | ) | |

The United States of America by and through its attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota, and Assistant United States Attorneys Ruth S. Shnider and Thomas Calhoun-Lopez, respectfully moves the Court for an order precluding the defense from asking questions or introducing evidence regarding Damarco Thompson's criminal history.

The defense has produced to the Government several proposed trial exhibits consisting of Minnesota criminal complaints and judgments of conviction for defendant's brother, Damarco Thompson, as well as a report by a defense investigator summarizing the underlying facts of several of those

cases. [1]   Understanding that the defendant need not outline to the Government his trial strategy, the Government files this motion because defense counsel has also indicated that he may question Government witnesses about their familiarity with Damarco Thompson's criminal history.   For the following reasons, any reference to Damarco Thompson's conviction history, or the facts underlying particular convictions, should be excluded:

First, the proposed exhibits and the information they contain are hearsay.   "A court judgment is hearsay to the extent that it is offered to prove the truth of the matters asserted in the judgment."   *United States v. Sine*, 493 F.3d 1021, 1036 (9th Cir. 2007); *see also UnitedHealth Grp. Inc. v. Exec. Risk Specialty Ins. Co.*, 870 F.3d 856, 864 (8th Cir. 2017) ("A court's prior judgment or ruling is inadmissible hearsay if it is offered to prove the truth of the matter asserted.").   Judgments of criminal convictions are admissible under the hearsay exception in Fed. R. Ev. 803(22) only where, among other things, they involve a felony conviction that "is admitted to prove any fact essential to the judgment."   Further, certain criminal convictions may be admissible under Rule 609 for impeachment of a testifying witness.   Neither of these exceptions apply here: Damarco Thompson's criminal history is not an element in this case, nor does the Government understand the defense to be offering the

---

[1]    To facilitate the Court's review of this motion, the Government will submit this summary memorandum to chambers by email.

evidence at issue under Rule 609.   Indeed, many of the convictions cited by the defense are not even felonies.   And certainly, the allegations contained in criminal *complaints* are inadmissible hearsay, not subject to any exception whatsoever.   Even asking a witness on cross-examination about their familiarity with these documents and incidents would be an attempt to improperly introduce information based on hearsay.

Second, the evidence is inadmissible propensity evidence under Rule 404(b).   The defense presumably intends to point to Damarco Thompson's history with guns, drugs, and fleeing police to argue that Demarco Thompson was the perpetrator of the offenses charged in this case.   But none of the past incidents is similar to the charged offenses; particularly, none involve fentanyl. Given the Court's ruling that the defendant's own prior conviction for fleeing from police and possessing drugs (in far more similar circumstances) was inadmissible, the same conclusion should apply to Damarco Thompson's history.   The defense appears to want the jury to believe that because Damarco Thompson has engaged in bad acts in the past, he must have been responsible for the bad acts here.   This is precisely the type of propensity argument that Rule 404(b) disallows.   The evidence should not be permitted.

The defense may argue that this evidence and information is "reverse 404(b)" evidence.   This argument is squarely foreclosed by controlling precedent.   *See United States v. Battle*, 774 F.3d 504 (8th Cir. 2014).   In

*Battle*, the defendant (Battle) was charged with being a felon in possession of a firearm after a gun was found during a traffic stop where one of the defendant's companions (Hardy) attempted to flee on foot. At trial, the defense attempted to offer nearly identical evidence about Hardy: "Battle sought to introduce evidence of a number of [Hardy's] prior convictions, dismissed charges, and facts and circumstances underlying these prior bad acts, extending back more than 15 years." *Id.* at 512. The defense argued that it would use this evidence to argue that "Hardy's long and adversarial relationship with law enforcement had developed into a modus operandi of carrying guns and running from police when confronted," which could lead the jury to believe "Hardy was in sole possession of the firearm" and would show Hardy's knowledge and intent with respect to the gun found in the car. *Id.* at 513. The district court excluded the evidence and the Eighth Circuit affirmed. First, the Eighth Circuit agreed that "[a] history of running from police when confronted, sometimes while carrying a weapon, [did] not meet [the] high bar" for showing a modus operandi. *Id.* at 513. On the issue of knowledge and intent, the court noted that if Hardy had *testified* that he was not familiar with firearms, then his prior gun conviction may have been admissible. However, because the Government never argued that Hardy was unaware of the gun (in fact, the Government argued Hardy was in joint possession of the gun), the issue of Hardy's knowledge was not relevant to determining *the defendant's*

4

knowing possession of the gun.  *Id.* at 513-514 ("the court was correct in determining that evidence of Hardy's past possession of weapons was not relevant to the issue of Battle's knowing possession of this firearm").  Finally, the Eighth Circuit affirmed the district court's finding that Rule 403 favored excluding the evidence, noting that the defendant's proposed method of proving the prior acts presented "difficult hearsay and reliability issues," and "any minimal probative value it may have possessed was outweighed by the risk of distraction in conducting mini trials on the detailed facts underlying the long string of offenses."  *Id.* at 514.

The Eighth Circuit's reasoning applies in this case as well.  Thompson has not proposed an admissible method of proving the information contained in Damarco Thompson's criminal history.  And even if he had, the evidence lacks probative value to any permissible Rule 404(b) purpose.  Damarco Thompson's past criminal cases are not sufficiently similar to suggest a modus operandi.  On the issue of knowledge, the Government is *not contesting* that Damarco Thompson was in the Escalade on June 16, 2023, nor that Demarco Thompson was involved in drug dealing (in concert with his brother).  In fact, the Government intends to offer some representative examples of drug texts from Damarco Thompson's own phone to show Demarco Thompson's drug trafficking activities. (*See* Gov. Ex. 87A-D).  Defendant Thompson will already be able to argue from this evidence that Damarco Thompson was a drug dealer

and that the jury should believe that Demarco Thompson alone was responsible for the contraband in the Escalade. Permitting evidence or questioning about unrelated crimes from Damarco Thompson's past will only confuse the jury, distract from the issues on trial, and risk devolving into wholly collateral disputes about what actually happened in Damarco's past cases and whether they bear any similarity to the instant offenses. And, of course, any questioning of a Government witness that suggests some inference should have been drawn from Damarco Thompson's criminal history would seem to open the door to the witness offering the same inference about *the defendant's* criminal history.

For the foregoing reasons, the Court should preclude the defense from offering exhibits related to Damarco Thompson's criminal history, or from questioning Government witnesses about that history.

Dated: October 6, 2024                    Respectfully Submitted,

                                          ANDREW M. LUGER
                                          United States Attorney

                                          s/ *Ruth Shnider*

                                          BY:   RUTH S. SHNIDER
                                          THOMAS CALHOUN-LOPEZ
                                          Assistant U.S. Attorneys