UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Case No. 23-cr-358 (JMB)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | DERRICK THOMPSON'S RESPONSE |
| | ) | TO THE GOVERNMENT'S POSITION |
| v. | ) | ON SENTENCING |
| | ) | |
| DERRICK JOHN THOMPSON, | ) | |
| | ) | |
| Defendant. | ) | |

Derrick Thompson, through counsel, respectfully offers the following response to the government's position that "the law requires that the Court order that at least 60 months of the sentence run consecutive to the state sentence." Gov't Position at 13–14, ECF No. 137. This pertains to the applicable 60-month mandatory term on Count Three, charging a violation of 18 U.S.C. § 924(c).

Mr. Thompson disagrees that the Court is required to run the 60-month term on Count Three consecutive to his 704-month state sentence imposed in Hennepin County. This is because Count Three of the federal indictment does not charge Mr. Thompson with possessing a firearm during and in relation to any of the offenses charged in state court.[1]

---

[1] Nor could it. Mr. Thompson's state charges consisted of ten counts of criminal vehicular homicide and five counts of third-degree murder. ECF No. 136-2. Under Minnesota law, third-degree murder requires a *mens rea* of mere recklessness—that "the defendant was indifferent to the loss of life that th[e] eminently dangerous act could cause." 10 MNPRAC CRIMJIG 7.15; *State v. Noor*, 964 N.W.2d 424, 438 (Minn. 2021). This *mens rea* is insufficient for third-degree murder to qualify as a crime of violence for purposes of § 924(c). *See Borden v. United States*, 593 U.S. 420, 423 (2021) ("a reckless offense cannot" qualify as a "violent felony" for purposes of 18 U.S.C. § 924(e), the Armed Career Criminal Act). Criminal vehicular homicide requires that the defendant operated a

Instead, the government's indictment charged carrying a firearm during and in relation to the drug trafficking offense alleged in Count One—namely, possessing with intent to distribute fentanyl. ECF No. 8. As such, Mr. Thompson agrees the Court must run the sentence on Count Three consecutively to the sentence on Count One. But, because the government did not, and could not, charge Mr. Thompson with possessing a firearm during and in relation to the offenses charged in state court, he maintains that the Court may order that its sentence for Count Three run concurrent with those sentences.

The government, for its part, relies upon the text of § 924(c)(1)(D)(ii) and *United States v. Gonzales*, 520 U.S. 1, 11 (1997), for the holding that "the plain language of § 924(c) forbids a federal district court to direct that a term of imprisonment under that statute run concurrently with any other term of imprison, whether state or federal." Gov't Position at 14 (quoting *Gonzales*, 520 U.S. at 11); *see also United States v. Barnett*, 410 F.3d 1048, 152 (8th Cir. 2005) (finding the district court had plainly erred by ordering a sentence imposed under § 924(c) to run concurrently with a state sentence for involuntary manslaughter).

Mr. Thompson contends that *Gonzales* and *Barnett* are distinguishable because, in those cases, the § 924(c) charge linked to the defendant's state charge for which he was sentenced in state court. *See Gonzales*, 520 U.S. at 3 (defendants convicted in state court on charges arising from "a drug sting operation during which two of them pulled guns on undercover police officers" and also convicted in federal court "of various offenses

---

motor vehicle "in a grossly negligent manner," a lesser standard than recklessness. 10A MNPRAC CRIMJIG 26.04.

2

connected to the sting operation," including "using firearms during and in relation to those drug trafficking crimes, in violation of 18 U.S.C. § 924(c)"); *Barnett*, 410 F.3d at 1049–50 (defendant convicted of involuntary manslaughter in state court and of using or carrying a firearm during and in relation to a crime of violence in violation of § 924(c)).  Here, by contrast, Count Three does not link to the offenses at issue in Mr. Thompson's state case. *Cf. United States v. Davis*, 103 F.3d 660, 677 (8th Cir. 1996) (noting that the "district court ordered the defendant's federal sentence [under § 924(c), for using a firearm during and in relation to a crime of violence (armed bank robbery)] to run concurrently with the defendant's existing Nebraska state court sentences" in a case where the government did not cross-appeal).

Moreover, the government's position that Mr. Thompson must serve an additional 60 months in federal prison at the conclusion of his 704-month state sentence leads to absurd results.  Because, had Mr. Thompson been first charged in federal court, he would be in "primary federal custody" and thus serve his federal sentence in federal prison, and the state would almost certainly credit his time in federal prison toward his state sentence, leading to a combined total of 40 years in prison.  In contrast, because Mr. Thompson is in "primary state custody," the government contends that his federal sentence on Count Three must be served after the state prison term concludes—leading to a combined total of nearly 45 years in prison.  Imposition of an additional five years' imprisonment should not hinge upon the arbitrary nature of which sovereign first charged Mr. Thompson.

In the alternative, if the Court determines it must order Mr. Thompson's sentence on Count Three to run consecutive to his state sentences, Mr. Thompson respectfully

requests that the Court reduce the 60-month mandatory term by the 33 months he has already served awaiting federal sentencing. *See United States v. Kiefer*, 20 F.3d 874, 876–77 (8th Cir. 1994); *see also* Def. Position on Sentencing at 8–9, ECF No. 140. In that event, Mr. Thompson would request the Court order the mandatory 60-month sentence on Count One run concurrently with his state sentences and the mandatory 60-month sentence on Count Three reduced by 33 months, to equal a 27-month sentence consecutive to the state sentence.

Dated:  March 11, 2026                          Respectfully submitted,

*s/ Matthew Deates*

MATTHEW DEATES
Attorney ID No. 0400318
Attorney for Mr. Thompson
107 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

4